UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

HARRY ALEXANDER KNIGHT, (acting as Private Attorney General and *Qui Tam* Relator on behalf of the United States of America and the American People),

Plaintiff,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM; FEDERAL RESERVE BANK OF NEW YORK; JPMORGAN CHASE & CO.; CANTOR FITZGERALD, L.P.; TETHER OPERATIONS LIMITED; WORLD LIBERTY FINANCIAL; STATE OF NEW YORK; and INDIVIDUAL AND CORPORATE DOE DEFENDANTS 1 through 100,

Defendants.

---------------------------------------------------------------X

CASE NO.: [26-CV-[_____]]

COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF, CIVIL RICO, QUI TAM RECOVERY, AND CONSTITUTIONAL DECLARATORY JUDGMENT

DEMAND FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER AND ASSET FREEZE PURSUANT TO FED. R. CIV. P. 65

RECEIVED
SDNY PRO SE OFFICE
2026 SEP -9 PM 12:08

## PRELIMINARY STATEMENT: THE TOTAL SYSTEMIC USURPATION

1. This action brings an immediate, unyielding challenge to an unconstitutional, closed-loop monetary enterprise: the systematic fusion of public sovereign authority with private, un-serialized digital ledger networks, spanning stablecoins, alternative bullion/specie-mimics, and the entirety of the un-serialized digital asset ecosystem ($2.70T+ total market capitalization). Operating in direct violation of **Article I, Section 8** of the United States Constitution and federal serialization mandates (**12 U.S.C. § 413**), the Defendants have engineered a shadow currency supply that dilutes national purchasing power, converts sovereign credit into private enrichment, and bypasses public accountability.
2. **The Debt Hijack & Yield Compression:** Defendants are actively utilizing sovereign debt instruments as private collateral "sponges." By forcing the U.S. Treasury market to absorb massive, inelastic private stablecoin reserves, they artificially depress short-term borrowing costs, hijack the national debt issuance cycle, and subvert public fiscal stability for private yield harvesting.
3. **Front-Loading the Conflict of Interest & Separation of Powers:** The architecture of this enterprise is inherently compromised at its apex. The institutional participants, commercial clearing banks, reserve custodians, and executive-linked private mints operate as a unified, self-serving apparatus in direct violation of the **Separation of Powers** and the **Emoluments Clauses** (Art. I, § 9, Cl. 8; Art. II, § 1, Cl. 7). Because the architects, promoters, and beneficiaries of these protocols (including executive principals acting through commercial ventures) are simultaneously positioned at the levers of public power and private wealth extraction, traditional administrative deference is legally forfeited.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** (Federal Question), arising under Article I, Section 8; the Emoluments Clauses; federal banking statutes (12 U.S.C. § 413); the Civil RICO Act (18 U.S.C. § 1964); and the False Claims Act (*Qui Tam*, 31 U.S.C. § 3729 et seq.).
2. Venue is proper in the Southern District of New York pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to the claims—including institutional clearing operations, reserve custody management by Cantor Fitzgerald, and primary market interactions involving JPMorgan Chase and state-chartered financial conduits—occur within this judicial district.

## PARTIES

1. **Relator / Plaintiff Harry Alexander Knight** brings this action in his individual capacity as a private citizen, aggrieved stakeholder, and *Qui Tam* Relator on behalf of the United States and the American taxpayer, to secure complete disgorgement of value extracted by unconstitutional monetary counterfeiting.
2. **Defendants** comprise an integrated four-tiered network:
    - **Tier 1 (Central Bank & State Conduits):** Board of Governors of the Federal Reserve System, Federal Reserve Bank of New York, and the State of New York (implicated through integrated banking charters and fiscal conduits).
    - **Tier 2 (Institutional Clearing & Custody):** JPMorgan Chase & Co. and Cantor Fitzgerald, L.P. (acting as primary reserve custodians for un-serialized token assets and U.S. Treasury backing).
    - **Tier 3 (Private Issuers & Protocols):** Tether Operations Limited, World Liberty Financial, and associated corporate/digital asset entities.
    - **Tier 4 (Individual Principals & Does):** Executive-linked private actors, commercial promoters, and Does 1 through 100 operating in personal and commercial capacities.

## CAUSES OF ACTION

### COUNT I: Violation of Article I, Section 8 of the U.S. Constitution (Unconstitutional Privatization of Sovereign Currency)

1. Plaintiff incorporates all preceding paragraphs.
2. Article I, Section 8 vests monetary authority exclusively in the public sovereign domain. The creation, backing, and circulation of un-serialized private token ledgers, stablecoins, and parallel digital assets that substitute or dilute the U.S. dollar constitute an unauthorized parallel money supply.

### COUNT II: Violation of Federal Serialization Mandates (12 U.S.C. § 413)

1. Plaintiff incorporates all preceding paragraphs.
2. Federal law mandates distinct serial tracking for circulating currency. Routing trillions through un-serialized, opaque digital ledgers systematically evades federal tracking mandates.

### COUNT III: Structural Violation of the Separation of Powers and the Emoluments Clauses

1. Plaintiff incorporates all preceding paragraphs.
2. The fusion of executive-linked commercial token initiatives, custodial monopolies, and regulatory oversight constitutes an ultra-vires usurpation of legislative authority and an acceptance of prohibited financial emoluments of office.

### COUNT IV: Civil RICO Violations (18 U.S.C. § 1964)

1. Plaintiff incorporates all preceding paragraphs.
2. Defendants have engaged in a continuous pattern of racketeering activity, wire fraud, and market distortion (including artificial depression of short-term T-bill yields) to sustain an enterprise siphoning public credit for private commercial enrichment.

### COUNT V: *Qui Tam* Recovery Under the False Claims Act (31 U.S.C. § 3729 et seq.)

1. Plaintiff brings this count on behalf of the United States. Defendants have knowingly made false records and statements material to obligations to transmit funds and sovereign value back to the U.S. Treasury, unlawfully retaining proceeds derived from currency subversion.

## PRAYER FOR EMERGENCY RELIEF

**WHEREFORE**, Plaintiff respectfully demands that this Court enter judgment in favor of the United States and the American people, and issue:

1. **An Immediate *Ex Parte* Temporary Restraining Order (TRO)** pursuant to Fed. R. Civ. P. 65, freezing all accounts, liquidity pools, clearing rails, reserve holdings (including those managed by Cantor Fitzgerald and JPMorgan Chase), exchange gateways, and digital asset/token-issuance networks associated with the named Defendants to stop hourly, ongoing public harm.
2. **An Absolute Asset Sequestration Order** locking all commercial and private funds derived from the un-serialized shadow ledger, preventing capital flight and offshore transfers.
3. **An Order Compelling Complete Restitution and Disgorgement**, returning all ill-gotten gains, yield spreads, and reserve values directly to public oversight for the American taxpayer.
4. Such other and further relief as this Court deems just, necessary, and proper to restore constitutional order.

Dated: September 11, 2026 New York, New York 9/9/2026
Respectfully submitted,
**Harry Alexander Knight** *Pro Se* / Private Attorney General and *Qui Tam* Relator New York, New York