UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY ALEXANDER KNIGHT,

Plaintiff,

-against-

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL.,

Defendants.

1:26-CV-7763 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and has submitted an application to proceed *in forma pauperis*, brings this action, which he styles, in part, as an action for "Qui Tam Recovery," asserting claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729. Plaintiff seeks to have the complaint filed under seal, as outlined in the FCA.[1] *See* 31 U.S.C § 3730(b)(2) (a proper claim under the FCA is filed under seal and immediately served on the Government, along with all supporting evidence).

The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United*

[1] The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *United States ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

*States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). The elements of a FCA claim are outlined in 31 U.S.C. § 3729(a)(1)(A)-(G).

The Court has conducted a preliminary review of Plaintiff's complaint and finds that the facts alleged in the complaint do not fall within 31 U.S.C. § 3729(a). Because the complaint does appear to be covered by the FCA, there is no statutory justification to seal the complaint.

Accordingly, this action will be opened on the public docket. An order addressing the claims in more detail will be issued in due course.

**CONCLUSION**

The Court finds that the facts alleged do not fall within the False Claims Act and therefore do not provide a basis on which to seal the complaint. Accordingly, the Clerk of Court is directed to open this action on the public docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 9, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge